LOWENBRUCK, APPELLANT, v. THE DENVER & RIO GRANDE RAILROAD COMPANY, APPELLEE.

APPEAL—JURISDICTION.
The supreme court being without jurisdiction to entertain the appeal, a transfer of the cause to court of appeals will not confer jurisdiction upon the latter.

*Appeal from the District Court of Huerfano County.*

Mr. HOMER A. COLE, for appellant.

Messrs. WOLCOTT & VAILE, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

In this action the plaintiff, Lowenbruck, sought to recover from the defendant, the Denver & Rio Grande Railroad Company, the value of certain improvements destroyed by fire,

which fire it is alleged was communicated by sparks from the engines of the defendant company.

By the record in this case it appears that judgment was rendered for the defendant below, appellee herein, for costs only. From this judgment an appeal was prosecuted and a transcript filed March 21, 1890, in the supreme court of this state. The cause was transferred from the supreme court to the court of appeals.

Under the act of 1887, appeals to the supreme court were allowable only when the judgment amounted, exclusive of costs, to the sum of $100, or related to a franchise or freehold.

The supreme court was therefore without jurisdiction to entertain the appeal. *The Board of County Commissioners of Pitkin County v. Aspen Mining & Smelting Co.*, 1 Colo. Ct. Ap. 125.

A transfer of the cause from the supreme court to this court cannot confer jurisdiction upon us that the supreme court did not have. And, much as we might desire to pass upon the merits of this cause on this appeal, we have no authority so to do, as will be seen by reference to the authorities cited in the case of *The Board of County Commissioners of Pitkin County v. Aspen Mining & Smelting Co., supra.*

The appeal is accordingly dismissed.

*Dismissed.*